IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02452-BNB

RONALD C. CALHOUN,

    Applicant,

vs.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Ronald C. Calhoun, acting *pro se*, initiated this action on September 14, 2012, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1.  Subsequently, on September 18, 2012, Applicant filed a pleading titled "Motion to Correct Application for Habeas Corpus," ECF No. 4.  In the Motion to Correct, Applicant argues that he is in custody for the purpose of § 2254 because he must register as a sex offender.  Magistrate Judge Boyd N. Boland instructed Respondent to file a Pre-Answer Response and addressing the custody issue.  On October 16, 2012, Respondent filed a Combined Motion for Leave and Motion to Dismiss Application, ECF No. 9.  Applicant did not respond to either of the motions.  For the reasons stated below, the Court grants Respondent's request to move for dismissal and dismisses the case for lack of subject matter jurisdiction.

Pursuant to § 2254(a), "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or Treaties of the United States." An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238 (1968)). Relief generally is unavailable through a writ of habeas corpus when an applicant seeks to challenge a prior conviction for which the person no longer is in custody. *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

The custody requirement extends beyond physical custody to encompass severe restraints on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally. *See e.g. Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance pending execution of his sentence is in custody because he is obligated to appear at times and places ordered by the court) (emphasis added); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was in custody under his unexpired sentence because his release from physical confinement was conditioned on his reporting regularly to parole officer, remaining in a particular community, residence, and job, and refraining from certain activities); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992).

Once the sentence imposed for a conviction has expired, however, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Respondent and Applicant agree that Applicant has completed his sentence in Colorado Case No. 02CR1906. *See* Mot. to Correct at 2 and Combined Mot. at 2-3. Applicant argues, however, that he continues to be in custody because he is required to register as a sex offender for life and to report to the Denver Police Department by order of the State of Colorado. Applicant contends this is a form of custody under 28 U.S.C. § 2254. In his Motion to Correct, Applicant relies specifically on Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes for Rule 1 as the basis for his argument that he remains in custody for the purposes of § 2254 and should be able to proceed with the nine claims he asserts challenging the validity of his conviction.

The United States Court of Appeals for the Tenth Circuit has not addressed whether an individual subject to Colorado's sex offender registration statute, but whose conviction and sentence have expired, can challenge the registration requirements in a habeas corpus proceeding under 28 U.S.C. § 2254. However, each of the circuit courts to consider the issue has determined that the specific state sex offender registration statute in question did not meet the custody requirement of the habeas corpus statutes. *See Wilson v. Flaherty*, 689 F.3d 332, 335-38 (4th Cir. 2012) (defendant was unconditionally released and sex offender registration statutes in Virginia and Texas are

only a collateral consequence); *Virsnieks v. Smith,* 521 F.3d 707, 720 (7th Cir. 2008) (reasoning that Wisconsin's sexual offender registration requirement is a collateral consequence rather than a significant restraint on the applicant's liberty sufficient to satisfy the "in custody" prerequisite for federal habeas corpus review); *Leslie v. Randle,* 296 F.3d 518, 521-23 (6th Cir. 2002) (same conclusion under Ohio's statute); *Henry v. Lungren,* 164 F.3d 1240, 1241-42 (9th Cir. 1999) (same conclusion under California statute); *McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir. 1999) (same conclusion under Oregon statute)*; Williamson v. Gregoire,* 151 F.3d 1180, 1184-85 (9th Cir. 1998) (same conclusion under Washington statute).[1]

Federal district courts, including two decisions from this Court, have found that the requirement to register is merely a collateral consequence to an applicant's conviction and does not satisfy the "in custody" requirement of habeas review. *See Moore v. New Jersey*, No. 11-3150, 2012 WL 1574370, at *3 (D. N.J. May 3, 2012) (unpublished) (Megan's Law requirement that a sex offender register for life is collateral consequence of conviction and does not constitute a severe and immediate restraint on liberty to satisfy "in custody" requirement); *Rodriguez v. Attorney General*, No. 10-3868, 2011 WL 3875328, *5 (S.D. N.Y. Sept. 2, 2011) (New York's Sex Offender Registration Act requirements may be imposed as part of criminal sentence and may cause

---

[1]The Court notes that in *Virsnieks* and *Leslie*, the respective petitioners filed a habeas action challenging the state's sex offender registration laws while they were still incarcerated. The Circuit Courts held that even though the petitioners were incarcerated, they were not challenging their convictions or sentences, and, therefore, had to meet the custody requirement of the habeas statute. *Virsnieks*, 521 F.3d at 718-20; *Leslie*, 296 F.3d at 521-23;

embarrassment but requirements are not sufficient to constitute custody); *Williams v. District Attorney of Allegheny County*, No. 10-353, 2010 WL 4388073, *9 (W.D. Pa. Oct. 29, 2010) (Pennsylvania Megan's Law registration requirements not cognizable in federal habeas proceeding because "in custody" does not include the requirement for registration as a sexual predator); *Daniels v. Jones*, No. 10-cv-00763-PAB, 2010 WL 3629835, *5 (D. Colo. Sept. 9, 2010) (Colorado sex offender registration statute does not restrain liberty in any meaningful way); *Frazier v. People of State of Colorado*, No. 08-cv-02427-CMA, 2010 WL 2844080 (D. Colo. July 16, 2010) (same); *Defoe v. Swanson*, No. 09-2016, 2009 WL 4729935, *2 (D. Minn. Dec. 3, 2009) (no authority for finding requirements of state offender registration law satisfy "in custody" prerequisite); *Johnson v. Ashe*, 421 F. Supp.2d 339, 342 (D. Mass. 2006) (registering as sex offender upon release from prison does not constitute continued custody); *Ali v. Carlton*, No. 04-cv-398, 2005 WL 1118066, *2 (E.D. Tenn. Apr. 25, 2005) (not in custody due to Tennessee sex offender law or inability to engage in the practice of medicine).

In *Wilson*, the applicant had completed his sentence for committing a sexually violent offense when he filed his habeas petition. *Wilson*, 689 F.3d at 335. Under the Virginia's sex offender registration statute, the applicant had to register in person and provide physical and other personal identifying information. *Id.* He also had to reregister every ninety days or whenever he changed his residence, employment, vehicle ownership, or online contact information. *Id.* The applicant in *Wilson* also had

to notify the Virginia State Police before he relocated to Texas and the Virginia State Police notified the state police in Texas. *Id.*

In addition to the Virginia sex offender statute requirements, Texas law required applicant to carry a sex offender identification card and renew his driver's license every year. *Id.* The Fourth Circuit Court of Appeals found that while it was true that the triggering fact for the sex offender registration requirements was applicant's rape conviction, the requirements were not imposed as a sentence but were collateral consequences of the conviction. *Id.* The Fourth Circuit also determined that if the requirements were not collateral consequences, then "any convicted sex offender could challenge his conviction 'at any time on federal habeas,' with the consequence that the in-custody jurisdictional requirement of § 2254 would be read out of the statute." *Id.* (quoting *Maleng*, 490 U.S. at 492).

In *Williamson*, the applicant was a convicted child molester who had completed his sentence when he sought habeas relief. *Id.* at 1181. As a registered sex offender, he was required to notify the state (by mail or in person) of his address every year or when he intended to move. *Id*. at 1181-83. The Ninth Circuit Court of Appeals determined that the sex offender registration constraints did not impose a significant restraint on the applicant's physical liberty so as to satisfy the custody requirement for federal habeas relief because the petitioner was not prevented from traveling or required to be present in a specific place. *Id.* at 1183-85.

Finally, in *Virsnieks*, the Seventh Circuit likewise rejected the habeas applicant's argument that the burdens imposed on him by Wisconsin's sex offender registration statute satisfied the habeas statute's custody requirement. 521 F.3d at 719-20. The *Virsnieks* court noted that the Wisconsin statute was similar to the Washington statute addressed in *Williamson* in that it allowed registration by mail or telephone. *Id.*

This Court finds that the Colorado sex offender registration statute is not a significant restraint on individual liberty. The Colorado statute does not restrict an individual's ability to travel or move. The statute requires that an individual register initially with the local law enforcement office where the individual resides, register (at most) every ninety days, and advise the local law enforcement office of any changes in certain personal information including change of address. *See* C.R.S. § 16-22-108 (2012).

The Ninth Circuit has recognized that state statutes containing requirements similar to the Colorado statute, and which also mandate in-person registration, do not render an individual who is subject to those requirements to be in custody under the federal habeas statutes. *See Henry*, 164 F.3d at 1242 (addressing California's sex offender registration statute which requires in-person registration and noting that the difference between the Washington statute and the California statute was minimal); *see also McNab*, 170 F.3d at 1247 (The Oregon statute requirement to register in person does not impose any greater restraint on personal liberty than the California and Washington statutes.). The Sixth Circuit, in *Leslie*, found that a requirement in the

Ohio's sex offender registration statute that certain sex offenders verify their address in-person every *ninety days* did not impose a significant restraint on liberty because the statute did not condition the individual's "ability to move to a different community or residence . . . on approval by a government official."  *Leslie*, 296 F.3d at 522.

Colorado's sex offender registration requirements are remedial, not punitive. *See Mayo v. People*, 181 P.3d 1207, 1212 (Colo. App. 2008) (interpreting C.R.S. § 16-22-112(1) (2007)); *People v. Stead*, 66 P.3d 117, 120 (Colo. App. 2002) (stating that intent of the General Assembly in enacting the sex offender registration provisions "is not to inflict additional punishment, but rather to aid law enforcement officials in investigating future sex crimes and to protect the public safety").  The remedial nature of the sex offender registration statute supports the conclusion that the requirements are a collateral consequence of conviction rather than a significant restraint on liberty.  *See Wilson*, 689 F.3d at 335-38; *Virsnieks*, 521 F.3d at 720; *Williamson*, 151 F.3d at 1184; *Leslie*, 296 F.3d at 523.

Based on these findings, the registration requirements under the Colorado Sex Registration Act, C.R.S. §§ 16-22-101 to 115, are collateral consequences of Applicant's conviction in Case No. 02CR1906 and have a negligible effect on his physical liberty or movement.  Applicant, therefore, is not in custody as required under 28 U.S.C. § 2254, and the Court lacks subject matter jurisdiction over this action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that this Court court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated at Denver, Colorado, this   23rd   day of   January  , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court